UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gary Boothe, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-v.-<br><br>The Bureaus, Inc.,<br>Bureaus Investment Group Portfolio No 15 LLC,<br><br>　　　　　　　　　　Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff Gary Boothe, a New York resident, brings this class action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant The Bureaus, Inc. (hereinafter referred to as "Defendant TBI") and Defendant Bureaus Investment Group Portfolio No 15 LLC (hereinafter referred to as "Defendant Investment Group"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

　　　1.　　The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, Id. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Westchester.

8.      Defendant TBI is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692 (a)(6) and used in the FDCPA with an address for service at its principal place of business, 650 Dundee Road, Suite 370, Northbrook, Illinois 60062.

9. Upon information and belief, Defendant TBI is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. Defendant Investment Group is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service at its principal place of business, 650 Dundee Road, Suite 370, Northbrook, IL 60062.

11. Upon information and belief, Defendant Investment Group is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## **CLASS ALLEGATIONS**

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant TBI sent a debt verification letter;

    c. attempting to collect a consumer debt;

    d. that failed to properly identify and name the current creditor to whom the debt is allegedly owed; and

    e. for which Defendant TBI failed to cease all debt collection efforts prior to sending a legally sufficient verification letter to the requesting consumer;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

15. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any

questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats the above allegations as if set forth here.

22. Plaintiff allegedly incurred two separate obligations to non-party, Comenity Bank (hereinafter referred to as "Comenity").

23. The alleged Comenity obligations are "debts" as defined by 15 U.S.C.§ 1692a (5).

24. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

25. These alleged debts arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. The subject obligation is consumer-related and therefore a "debt" as defined under 15 U.S.C. § 1692A(5).

27. Upon information and belief, Comenity sold the allegedly defaulted debt to Defendant Investment Group.

28. Upon information and belief, Defendant Investment Group purchased the subject debt when the debt was in default and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. Upon information and belief, Defendant Investment Group hired Defendant TBI, a debt collector, to act as their agent in collecting the subject debt from Plaintiff.

30.   Defendant TBI collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone, and internet.

*Violation – July 26, 2021 Letter*

31.   When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

   a. the amount of the debt;

   b. the name of the creditor to whom the debt is owed;

   c. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   d. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   e. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

32.   Should a consumer such as Plaintiff dispute the debt and request verification of the same, 15 U.S.C. 1692g(b) requires the debt collector to:

> cease collection of the debt or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment … and a copy of such verification or judgment … is mailed to the consumer by the debt collector…

33. On a date better known to Defendant TBI, but prior to July 26, 2021, Defendant TBI sent correspondence to Plaintiff in an attempt to collect on a debt allegedly owed to Defendant Investment Group.

34. In response to the same, Plaintiff requested that the alleged debt be verified.

35. On or about July 26, 2021, Defendant TBI sent Plaintiff what it purported to be a debt verification letter (hereinafter the "July Letter"), a copy of which is annexed as **Exhibit A**.

36. While the July Letter purported to be a response to Plaintiff's request for validation, the same fails to properly identify the current creditor to whom the alleged debt is owed.

37. Rather than specify as to who the "current creditor" is as required by statute, the July Letter states "[o]ur client: BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC" while specifying that the original creditor was Comenity.

38. The letter was especially unclear by using the term "original creditor" with regards to Comenity, but not referring to BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC as a creditor at all.

39. The Plaintiff has no way of clearly knowing who the current creditor is from the July Letter.

40. The July Letter is unclear if Comenity sold the debt to Defendant Investment Group, if Defendant Investment Group serves as a middle-man of some variety between Defendant TBI

and the actual current creditor, or if Defendant Investment Group is a client of Defendant TBI in some other fashion.

41. Pursuant to 15 U.S.C. § 1692g Defendant TBI was required to specifically provide the name of the current creditor.

42. Defendant TBI failed to accurately do so.

43. Mere illusions are not enough, but the July Letter must specifically and clearly state who the creditor is.

44. Plaintiff was therefore confused as to which debt the July letter refers.

45. Plaintiff was further confused as to which current creditor he should make payment, if he chose to do so.

46. Plaintiff suffered emotional harm from this confusion.

47. Plaintiff was also forced to expend time dealing with Defendant TBI's deceptive collection practices.

48. Plaintiff was likewise forced to hire counsel to protect his rights.

49. Plaintiff was unfairly denied his right to properly address the debt due to Defendant TBI's deceptive debt collection efforts.

50. Defendant falsely and misleadingly attempted to validate Plaintiff's dispute with incorrect information and never properly validated Plaintiff's dispute.

51. Defendant was required to cease collection until the Plaintiff was provided with proper validation of the alleged debt.

52. Defendant failed to honor the validation request and continued collection efforts.

53. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides

Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

55. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

56. Plaintiff was confused and misled to his detriment by the statements in the validation letter, and relied on the contents of the letter to her detriment.

57. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

58. Plaintiff repeats the above allegations as if set forth here.

59. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendants violated 15 U.S.C. § 1692e (10) by improperly identifying the current creditor and violated 15 U.S.C. §1692e (2) by falsely representing the character of the debt.

62. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66. Defendants violated this section by improperly stating who the alleged debt is currently owed to.

67. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

70. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing … (2) the name of the creditor to whom the debt is owed…

71. Additionally, should the debtor dispute the debt and request verification of the same, 15 USC §1692g requires that the debt collector respond to the same and to:

11

cease collection of the debt or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment … and a copy of such verification or judgment … is mailed to the consumer by the debt collector…

72. Defendants violated 15 U.S.C. § 1692g by failing to the properly name the creditor to whom the debt is allegedly owed.

73. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Gary Boothe demands judgment from Defendant TBI and Defendant Investment Group as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 16, 2021

**Stein Saks PLLC**

/*s/ Raphael Deutsch*/
By: Raphael Deutsch, Esq.
1 University Plaza, Suite 620
Hackensack, New Jersey 07601
Phone: (201) 282-6500
Fax:    (201) 282-6501
rdeutsch@steinsakslegal.com
*Attorneys for Plaintiff*